Gerald D. Wells III (CA Bar# 257496)
**CONNOLLY WELLS & GRAY, LLP**
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com

Eric D. Zard (CA Bar # 323320)
**CARLSON LYNCH LLP**
1350 Columbia St., Suite 603
San Diego, CA, 92101
Telephone: 619-762-1905
Facsimile: 619-756-6991
Email: ezard@carlsonlynch.com

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BESHAY FOODS, INC.,<br><br>Defendant. | Case No. '19CV1565 JM   WVG<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Demanded** |

Plaintiff Sean Licea ("Plaintiff" or "Licea"), on behalf of himself and all others similarly situated, alleges as follows:

1

FIRST AMENDED CLASS ACTION COMPLAINT

# INTRODUCTION

1. Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and its implementing regulations.

2. Plaintiff is a legally blind individual.

3. Plaintiff regularly has occasion to dine at fast food restaurants. As discussed at length below, federal law and California law require that such restaurants be fully accessible to sight-impaired individuals, including those such as Plaintiff who are blind and/or have a visual disability that requires the use of a white cane or guide dog for mobility.[1]

4. Since the enactment of the ADA in 1991, all public accommodations have been required to ensure that their facilities be fully accessible to individuals with disabilities (including sight-impaired individuals).

5. As set forth in detail below, Plaintiff was denied full access to Defendant's facilities due to its use of inaccessible soda fountain dispensers and its failure to affirmatively offer or provide assistance to Plaintiff with the otherwise inaccessible soda fountain dispensers. As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations (and consequently California state law) as Plaintiff was denied the full and equal access to and enjoyment of Defendant's goods, services, and facilities.

6. The ADA permits private individuals, such as Plaintiff, to bring suit in federal court so as to compel compliance with the ADA. Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that

---

[1] Plaintiff invokes the term "accessibility" as a defined term of art. That is, "accessibility" is specifically defined in the applicable statutes and regulations discussed at length in the text below and Plaintiff is using the term in the context of those definitions, and not in the abstract.

Defendant's unlawful business practice of not offering assistance with Defendant's inaccessible soda fountain dispensers violate federal law as described; and (ii) an injunction requiring Defendant to either (a) implement a policy of affirmatively offering assistance to individuals with visual disabilities or (b) update or replace its fountain soda machines so that they are fully accessible by the blind or other vision-impaired individuals.

7. In addition, California state law permits Plaintiff to bring suit on behalf of a class of similarly situated individuals for minimum statutory damages to compensate Plaintiff and the Class members for having been subjected to unlawful discrimination.

8. Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA and California state law, the Court retain jurisdiction for a period of time to be determined to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

10. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

11. This Court has supplemental jurisdiction pursuant to the 28 U.S.C. § 1367, over Plaintiff's pendent claims under the California Unruh Civil Rights Act (the "Unruh"), Cal. Civ. Code, §51 *et seq.*, and the California Disabled Persons Act (the "CDPA"), Cal. Civ. Code, §54 *et seq*.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

13. Plaintiff Sean Licea is, and at all times relevant hereto was, a resident of the State of California. Plaintiff is, and at all times relevant hereto has been, a legally blind individual and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

14. Defendant Beshay Foods, Inc., ("Beshay Foods" or "Defendant") is a for profit company organized under the laws of the state of California and headquartered in Murietta, California. Defendant owns, operates, leases, and/or maintains thirteen (13) fast food hamburger restaurants under the trade name Jack in the Box in California ("Defendant's Restaurants"), including one restaurant located at 4211 Oceanside Blvd, Oceanside, California.

15. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(B).

## TITLE III OF THE ADA

16. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

17. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

18. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible by individuals with disabilities. 42 U.S.C. § 12181-89.

19. The ADA applies to all places of "public accommodation." Effectively,

CLASS ACTION COMPLAINT

a public accommodation is any private entity that owns, operates, leases, or leases to a place of public accommodation. Accordingly, restaurants, hotels, theaters, doctors' offices, dentists' offices, hospitals, retail stores, health clubs, museums, libraries, private schools, and day care centers are all considered places of public accommodation under the ADA.

20. Section 302(a) of Title III of the ADA, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

21. Under Section 302(b)(l) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

22. Under Section 302(b)(l) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

23. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would

5
CLASS ACTION COMPLAINT

fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

24. Importantly, places of public accommodation newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals.

25. Notably, under California law, a violation of the ADA constitutes a violation of Unruh and the CDPA.

26. As set forth below, Defendant has failed to comply with the aforementioned requirements of the ADA and, consequently, California state law.

## VIOLATIONS AT ISSUE

27. According to the National Federation of the Blind, as of 2016, there are approximately 797,300 individuals living in California who have a visual disability. *See* https://nfb.org/blindness-statistics (last visited April 24, 2019).

28. Defendant owns, operates, and/or leases a place of public accommodation.

29. Consequently, Defendant must comply with the strict mandates of the ADA so as to ensure that all individuals, both able bodied and those with physical disabilities, have equal access to and use of Defendant's accommodations.

30. Upon information and belief, pursuant to the terms of the franchise agreement between Defendant and its franchisor, Jack in the Box, Inc., Defendant maintains uniformity among all of its Jack in the Box branded Restaurants.

\\\
\\\

**Defendant's Soda Dispensers**

31. Upon information and belief, Defendant exercises control over the operations at all of its Restaurants, including the determination of which soda fountain machines are to be used at each of Defendant's Restaurants.

32. Defendant utilizes the Coca-Cola Freestyle fountain soda machines ("Freestyle") at its 4211 Oceanside Blvd, Oceanside, California Restaurant location.

33. Upon information and belief, Defendant utilizes Freestyle machines at each of Defendant's Restaurants.

34. Freestyle machines are touch screen soda fountains which allow users to select from over 100 mixtures of Coca Cola soft drink products which are then individually dispensed. The ability to independently mix various products to create customized soft drinks is not available through any other means.

35. Freestyle machines rely exclusively on a visual interface to control the selection and dispensing of soda and the individual customized soda combination of various Coca Cola products.

36. Indeed, one of the main features of the Freestyle machine is to allow the customer to independently create their own unique soft drink. Notably, the Freestyle machine is marketed as offering a unique customer experience to each customer through the creation of a custom soda by each individual customer.

37. According to Coca-Cola, the Freestyle is a "billion-dollar business" that offers "an unprecedented array of choices in a fun, interactive format" by maximizing "[c]hoice and customization" to the customer. Moreover, Coca-Cola notes that beverage servings are up 8% in locations offering the Freestyle, while calories-per-serving in the same locations are down nearly 10%. *See* https://www.coca-colacompany.com/stories/coca-cola-freestyle-meeting-evolving-tastes-and-customizing-experiences-with-less-waste (last visited August 6, 2019).

38. Because of the visual interface employed by the Freestyle machine, this

7
CLASS ACTION COMPLAINT

unique customer experience is unavailable to visually impaired individuals.

39. Freestyle machines do not utilize otherwise readily available technology, such as the tactile controls and screen reading software utilized by blind accessible ATMs, which would allow blind individuals to use the Freestyle machines without assistance from sighted companions or strangers. Notably, the use of screen reading features and/or tactile controls would not fundamentally alter the nature of Defendant's business nor cause an undue burden to Defendant.

40. Upon information and belief, the Freestyle machines could be easily modified, using readily available technology, to make them independently accessible to individuals with visual disabilities.

41. As a result, blind people are unable to utilize Freestyle machines without assistance from a sighted individual, and are therefore completely excluded from the self-service features of Freestyle machines and the experience of creating a unique soda combination.

42. Sighted customers, on the other hand, have full access to the variety of services and features offered by the Freestyle machines that blind individuals are prohibited from using.

43. Consequently, Freestyle machines at Defendant's Restaurants are not fully accessible by individuals with disabilities.

44. Aside from the Freestyle, there are no alternatives to obtain a fountain drink at Defendant's Restaurants.

45. Despite the lack of accessibility of its Freestyle machines, Defendant has no policies or procedures in place at its Restaurants requiring its employees to affirmatively offer and provide assistance with the Freestyle to individuals with visual disabilities.

46. Consequently, customers with visual disabilities are denied full and equal enjoyment of Defendant's good, services, and facilities as these customers are

effectively denied access to the unique experience offered by the Freestyle machines to Defendant's non-visually impaired customers.

47. Defendant's actions have created unlawful access barriers at its Restaurants that deny full and equal access to Plaintiff and other blind customers.

**Plaintiff's Experience**

48. Plaintiff has visited Defendant's Jack in the Box branded Restaurant located at 4211 Oceanside Blvd, Oceanside, California (the "Oceanside Location") on numerous occasions, including in or around March and April 2019.

49. The Oceanside Location is within the geographic zone that Plaintiff typically travels as part of his everyday activities.

50. The Oceanside Location offers a Freestyle as the only means of obtaining a beverage.

51. Plaintiff is self-evidently blind, in that he requires the use of a white cane, and was obviously visibly impaired during each visit he made to the Oceanside Location.

52. Upon information and belief, employees of Defendant's Restaurants are aware that Freestyle machines cannot be accessed by visually impaired individuals without assistance from sighted individuals.

53. Plaintiff was unaccompanied during each of his visits to the Oceanside Location.

54. During each of those visits, Plaintiff purchased a beverage to accompany his meal.

55. Upon receiving his meal from Defendant, Plaintiff was also handed an empty soft drink cup to be filled up at the self-service Freestyle machine.

56. Upon receiving the empty soft drink cup, Plaintiff was not offered assistance with obtaining a beverage from the Freestyle by any of Defendant's employees

57. On at least one visit, Plaintiff specifically requested assistance with the Freestyle from one of the Restaurant's employees, but, despite his obvious visual disability, his request for assistance was denied.

58. As the Freestyle machine is inaccessible to the visually impaired, Plaintiff was relegated to receiving assistance from another customer.

59. Despite Plaintiff's obvious visual disability, at no time during Plaintiff's visits to the Oceanside Location did any of Defendant's employees, a) inquire whether Plaintiff required any assistance, b) affirmatively offer to assist Plaintiff in any way, or c) provide any assistance whatsoever to Plaintiff with respect to use of the Freestyle machine.

60. Despite Defendant's failure to offer and refusal provide assistance to Plaintiff with use of the Freestyle during his visits, Plaintiff continued to patronize the Oceanside Location on a regular basis as he enjoys the food offered there and it was conveniently located near his home.

**Defendant's Violations**

61. Upon information and belief, there is no information provided to visually impaired individuals at the Oceanside Location (or any other of Defendant's Restaurants) indicating that assistance is available from Defendant's employees with respect to the use of the Freestyle machine, nor instructions on how to request any such assistance had it been available.

62. Similarly, upon information and belief, there is nothing to indicate to visually impaired individuals that Defendant's employees are required by law to provide assistance to the visually impaired.

63. At no time during any of his visits to the Oceanside Location has Plaintiff ever received any assistance or even an offer of assistance in obtaining a beverage from the Freestyle from any of Defendant's employees.

64. Thus, the Oceanside Location failed to provide any option for Plaintiff

to obtain a beverage without requiring a non-employee third party to dispense his beverage for him.

65. In contravention of Title III of the ADA, Plaintiff and other visually impaired individuals are denied "full and equal enjoyment" to services and features of the Freestyle machine because the Freestyle machine must be operated exclusively using a visual interface accessible only to sighted individuals.

66. Due to the Freestyle machine being independently inoperable to the visually disabled, Plaintiff and other visually impaired individuals were "segregated" and "otherwise treated differently" insofar as they could not use the Freestyle machine without the assistance of a third party, unlike sighted individuals.

67. Further, these third parties have no training or incentive to offer the full range of features available in the Freestyle machine to visually impaired individuals. Thus, while Plaintiff and other members of the prospective class may benefit from the help of strangers, that help is not providing them the full access to all the available features the Freestyle machine offers to sighted individuals.

68. Defendant's failure to affirmatively offer or provide any assistance with the Freestyle violated the ADA.[2] This fact is only made all the more plain in light of Plaintiff's clear request for assistance.

69. Accordingly, the Oceanside Location, along with all of Defendant's other restaurant locations in which a Freestyle machine is utilized, is non-compliant with the ADA.

70. Because the Oceanside Location is within the geographic zone that Plaintiff typically travels as part of his routine activities, Plaintiff will likely return

---

[2] Failure to affirmatively offer an auxiliary aid or service to an individual with an obvious visual disability in obtaining a beverage from the Freestyle machine has been held to constitute a violation of the ADA and California state law. *See Boyer v. Five Guys Enters., LLC,* No. 15-cv-1417-L-JLB, 2018 U.S. Dist. LEXIS 169563, **14, 17 (S.D. Cal. Sept. 28, 2018).

1. to this area.

71. Accordingly, Plaintiff will continue to regularly visit the Oceanside Location in the future as part of his desire to dine at Defendant's Restaurants within the geographic zone that he typically travels as part of his everyday activities.

72. Unfortunately, to date, Plaintiff has not had the practical ability to use the Freestyle at any of Defendant's Restaurants because, as currently designed, it is independently inaccessible in violation of the ADA.

73. Defendant's Restaurants are further in violation of the ADA because they fail to affirmatively offer assistance with the Freestyle to obviously visually impaired individuals or provide assistance with the Freestyle to visually impaired individuals after having been specifically requested to do so.

74. Defendant has centralized policies regarding the management and operation of its Restaurants. Despite this, Defendant does not have a plan or policy that is reasonably calculated to cause its facilities to be in compliance with the ADA.

75. Defendant's Restaurants that are located within the geographic zone that Plaintiff typically travels as part of his every day and weekly activities contain Freestyle machines that are inaccessible to individuals with disabilities like Plaintiff.

76. Plaintiff requests periodic monitoring to confirm not only that the public accommodation is in compliance in the first instance, but also that the public accommodation remains in compliance.

77. Without injunctive relief, Plaintiff and other individuals with disabilities will continue to be unable to independently access Defendant's facilities in violation of their rights under the ADA.

## CLASS ACTION ALLEGATIONS

78. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of himself and all individuals who have an obvious visual disability (e.g., use a white cane or guide dog) who have attempted

to access, or will attempt to access, Freestyle machines at Defendant's Restaurants during the relevant statutory period and were not affirmatively offered assistance with the Freestyle machine.

79. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

80. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

81. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its Freestyle machines fully accessible and independently usable as above described.

82. The questions of fact and law common to the class include but are not limited to the following:

    a. Whether Defendant is a "public accommodation" under the ADA;

    b. Whether Defendant's conduct in failing to affirmatively offer or provide assistance with the Freestyle to those with visual disabilities as described above denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA;

    c. Whether Defendant's conduct in failing to affirmatively offer or provide assistance with the Freestyle to those with visual disabilities as described

above violated Unruh and/or the CDPA.

d. Whether Defendant's conduct in failing to make its Freestyle machines fully accessible to visually disabled individuals as described above denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA;

e. Whether Defendant's conduct in failing to make its Freestyle machines fully accessible to visually disabled individuals as described above violated Unruh and/or the CDPA;

f. Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

83. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

84. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**COUNT I**

**<u>VIOLATION OF THE ADA</u>**

85. The allegations contained in the previous paragraphs are incorporated by reference.

86. Defendant has discriminated against Plaintiff and the Class in that it has failed to affirmatively offer or provide assistance with its Freestyle machines to visually disabled customers, or make its facilities fully accessible to individuals with

disabilities in violation of the ADA, as described above.

87. In addition, as described above, Defendant has discriminated against Plaintiff and the Class in that it has failed to render the Freestyle machines independently accessible individuals with a visual disability.

88. Complying with the ADA would neither fundamentally alter the nature of Defendant's services nor result in an undue burden to Defendant.

89. Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible by individuals with disabilities, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

90. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its facilities be fully accessible by individuals with disabilities is likely to recur.

## COUNT II

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

91. The allegations contained in the previous paragraphs are incorporated by reference.

92. Defendant's Restaurants are business establishments and, as such, must comply with the provisions of Unruh.

93. Unruh guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, §51(b).

94. Unruh also provides that a violation of the ADA is a violation of Unruh.

Cal. Civ. Code, §51(f).

95. Defendant has violated Unruh by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's and class members' rights to the full and equal accommodations, advantages, facilities, privileges, or services offered at each of Defendant's Restaurants.

96. Defendant has also violated Unruh by denying, or aiding or inciting the denial of, Plaintiff's and class members' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

97. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

## COUNT III

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

98. The allegations contained in the previous paragraphs are incorporated by reference.

99. Defendant's Restaurants are places of public accommodation and/or places to which the general public is invited and, as such, are obligated to comply with the provisions of the CDPA.

100. The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code §54.1(a)(1).

101. The CDPA also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the CDPA. Cal. Civ. Code §54.1(d).

102. Defendant has violated the CDPA by, inter alia, denying and/or interfering with Plaintiff's and class members' right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of Defendant's Restaurants.

103. Defendant has also violated the CDPA by denying and/or interfering with the Plaintiff's and class members' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

104. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§54.3 and 55, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, pray for:

A. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, Unruh, and the CDPA;

B. A permanent injunction which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

C. An Order certifying the class proposed by Plaintiff, and naming Plaintiff as class representative and appointing his counsel as class counsel;

D. An award of minimum statutory damages under Unruh and the CDPA to Plaintiff and members of the proposed class;

E. Payment of costs of suit;

F. Payment of reasonable attorneys' fees; and,

G. The provision of whatever other relief the Court deems just, equitable and appropriate.

# JURY DEMAND

Plaintiff hereby requests a jury on all issues so triable.

Date: August 20, 2019

Respectfully submitted,

**CARLSON LYNCH LLP**

By: /s/ *Eric D. Zard*
Eric D. Zard (CA Bar # 323320)
1350 Columbia St., Suite 603
San Diego, CA, 92101
Telephone: 619-762-1905
Facsimile: 619-756-6991
Email: ezard@carlsonlynch.com


**CARLSON LYNCH LLP**
R. Bruce Carlson (*pro hac vice application forthcoming*)
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
Email: bcarlson@carlsonlynch.com


**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells III (CA Bar# 257496)
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com

***Counsel for Plaintiff and the Proposed Class***

CLASS ACTION COMPLAINT